## CORNELIUS v. CORNELIUS.

No. 11122—Opinion Filed June 28, 1921.

(Syllabus.)

1. Divorce—Judgment—Appeal—Review.

On appeal from a judgment of the district court in a divorce proceeding, the Supreme Court on review will cause such a judgment to be rendered as may seem just and equitable, having due regard to the property rights of each of the parties.

2. Same—Disposition of Cause.

Record examined, and held, that the judgment of the trial court should be affirmed in part and reversed in part, and ordered that the cause be remanded with directions.

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by Alla May Cornelius against Benjamin F. Cornelius for divorce. Judgment for plaintiff as to property rights, and defendant brings error. Affirmed in part and reversed in part.

W. L. Eagleton and McMillan & Gresham, for plaintiff in error.

C. M. Keiger and J. B. Dudley, for defendant in error.

JOHNSON, J. On February 4, 1919, Alla May Cornelius, as plaintiff, commenced an action in the district court of Cleveland county against Benjamin F. Cornelius, as defendant, for a divorce on the grounds of extreme cruelty, gross neglect of duty, and abandonment, and for an injunction against the defendant enjoining him from interfering with her in the management of her allotment.

The defendant filed an answer and cross-petition in which he denied the allegations of the plaintiff, and by allegations in his cross-petition sought a divorce from her on the grounds of extreme cruelty and gross neglect of duty and an interest in her allotment for money advanced for placing improvements thereon.

The cause was tried to the court and resulted in a judgment denying a divorce to both parties and decreeing to the plaintiff her allotment. free from claims of defendant, and enjoining the defendant from thereafter asserting any interest therein, and in effect denying the defendant any and all relief whatsoever, from which judgment the defendant has prosecuted this appeal and regularly commenced this proceeding in error to reverse the judgment of the trial court.

For convenience, the parties will hereinafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The defendant assigns an error: (1) Overruling motion for new trial; (2) the trial court abused its discretion in the admission of testimony over the objection of the defendant; (3) the judgment as rendered by the trial court is against the weight of the testimony, and is not sustained by the evidence, and is contrary to law; (4) the trial court committed error in refusing to allow defendant an interest in the land or the rent and proceeds thereof; (5) the court erred in refusing to allow defendant any interest in the rents and profits of the land; (6) court erred in refusing to grant plaintiff in error divorce from the defendant in error because of the faults of the defendant in error as proven upon the trial.

Concerning these assignments, counsel for plaintiff in error say in their brief:

"The two points and the only two insisted on by the defendant is: (1) That plaintiff and defendant as a. fact should have been divorced; (2) that the defendant should have shared in the property."

As to the first proposition, it will not be necessary to consider the question raised further than to say that from an examination, we cannot say that the conclusion of the trial court that neither party was entitled to a divorce and the judgment refusing to grant same were clearly against the weight of the evidence. The testimony was more or less conflicting, but a summary thereof shows that these parties married in Texas in 1880. Neither of them had any property of any consequence at that time. Eight children have been born of their marriage, six of whom are living and are of age. Mrs. Cornelius is a Choctaw Indian by blood, and she, her husband, and their children received allotments and the defendant looked after the selection of their allotments. The land in controversy here constitutes the allotment of the plaintiff; the defendant and his living children, except the youngest son, having sold and disposed of their respective allotments. At the time her allotment was selected, there were certain improvements on it. for which the defendant agreed to pay $1,000. However, only $500 was paid, and this was probably, for the most part, paid out of the income from the land. Later. other improvements were made, consisting of a residence, out-buildings, well, fencing, etc., a major portion of the same being paid out of the income from the land.

.The record does not disclose just when the allotment was made, but it seems that the defendant had charge of it for the years 1908 to 1911, inclusive, received the rents and profits, and used them for family purposes and the improvement of the place. He sold his own allotment and bought a residence in Wynnewood, where he and the family lived for several years, following which, and in 1914, they moved to Norman, where he purchased a residence. In 1911 he left home and did not return until 1913. In 1917, when the boys were in the army, he induced his wife to sign a mortgage for $1,200 on the Norman property and he secured the money and left and has never since lived with her. In fact, it seems that he has not contributed anything toward her support for the last three or four years, during which time she has lived with her boys and been largely supported by them. He induced her to sign a deed with him to the Norman property, as a result of which he got an additional $250. While he was in charge of her allotment, claiming to make a portion of the improvements, he created debts and incurred obligations which he did not pay, and shortly before he left in 1911, it was necessary for her to mortgage her allotment for the sum of $1,200 to pay up these and other obligations incurred by him. After he left the proof shows that she paid a number of small bills of his, including bills for repairs and improvements upon the place.

The plaintiff's daughter, Mrs. Rives, and her three sons, Emmett, Frank, and Oliver, testified for her in the trial of the case, and their testimony shows that their father was away from home a great deal; that he had not supported her or looked after her for three or four years prior to the trial of this case; that they quarreled, from time to time, and were both, to some extent, to blame for their disagreements. The proof also shows that he lost considerable money in a bank failure at Lindsay.

The testimony conclusively shows that the plaintiff and defendant, notwithstanding their married life was not congenial, but was more or less unhappy, yet, notwithstanding these conditions and their adverse surroundings, they discharged their duties toward their children in educating them; the testimony showing that the oldest son took a ten year's course in the State University at Norman and attained the degrees of A. B. and A. M., and has since been engaged in teaching school, and at the time of the trial was so engaged; he being a bachelor, his mother lived with him and kept house for him. The testimony shows that another son was a lawyer and at the time of the trial was city attorney for the city of Norman; that the three sons responded to their country's call and served in the army during the late war, and at least one of them performed services overseas. The daughters are married, and all of the children are of age and doing for themselves. The testimony further shows that the plaintiff and defendant are now above 60 years of age, and that the defendant is entirely destitute and without a home, and that the allotment of the plaintiff, consisting of about 225 acres, is all the property that she possesses, but the same is very valuable, worth from $16,000 to $20,000, and under proper management ought to be amply sufficient to support the plaintiff and defendant during the remainder of their lives, and the same is only slightly encumbered, with a mortgage of $1,000.

The judgment of the trial court denying to these parties a divorce, leaves the marriage relation intact, and their legal status that of husband and wife living separate and apart.

The testimony further shows that the defendant is physically unable to earn a livelihood, being practically an invalid.

The judgment of the trial court "adjudged and decreed that the defendant be and he is hereby barred and enjoined from asserting any claim or interest, either legal, equitable, or contingent in and to the real estate, and appurtenances belonging to the plaintiff," and the defendant's second specification of error complains of that part of the judgment.

Chapter 60, art. 18, on Divorce and Alimony, Rev. Laws 1910, confers upon the district courts of this state, in divorce proceedings, power to grant or refuse a divorce to the parties, and in case the divorce is granted to either, to make provision for the maintenance and support of the party to whom the divorce is granted out of the property of the other, and section 4966 provides:

"When the parties appear to be in equal wrong the court may in its discretion refuse to grant a divorce, and in any such case or in any other case, where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, wheth-

er the title thereto be in either or both of said parties."

The question is presented by the record in the instant case, is the order of the trial court barring and enjoining the defendant from asserting any claim or interest, either legal, equitable, or contingent, in the real estate and appurtenances belonging to the plaintiff, equitable and just? We agree with the contention of the defendant that it was not.

The trial court made a specific finding that the land involved herein was the property of the plaintiff; there is no contention but that such finding is a correct conclusion under this record. We think in these circumstances that it is equitable and just for the defendant to share with the plaintiff equally the rents and profits arising from this land of the plaintiff, and that the defendant should be adjudged to have an equitable lien upon the land and premises for such purposes, until such time as the present condition be changed by death of the parties, and that that part of the order and decree of the trial court complained of be reversed and that an order or decree be entered allowing the defendant to participate equally with the plaintiff in the rents and profits of the land involved, and that the trial court, by appropriate orders, see to it that such an accounting be had that will secure to the defendant protection in his rights as found herein.

The cause is therefore remanded to the trial court, with directions to take further proceedings herein, not inconsistent with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.