## WELCH v. WELCH.

No. 21067.   Opinion Filed Oct. 28, 1930.

Keaton, Wells, Johnston & Barnes, and R. H. Dunn, for plaintiff in error.

Meacham, Meacham & Meacham and A. E. Underwood, for defendant in error.

CULLISON, J.  This case comes to this court on appeal from the district court of Custer county, Okla.  Plaintiff in error, Beulah H. Welch, was plaintiff in the lower court, and defendant in error, A. J. Welch, was defendant in the lower court, and the parties will hereinafter be referred to as they appeared below.

This action is an action for an absolute divorce filed April 27, 1929, by plaintiff, Beulah Welch, against her husband, A. J. Welch, defendant herein.

The grounds set out in plaintiff's petition and upon which her cause of action is based, are that the defendant had for many years past been guilty of gross neglect of duty towards the plaintiff; that defendant had been guilty of acts constituting extreme cruelty towards the plaintiff, and that the defendant had been guilty of adultery.  No children were born of the union.

The prayer of plaintiff's petition was for a decree of absolute divorce from said defendant; an equitable adjustment and division of all property rights between the parties, and suitable allowance for attorneys' fees and costs.

The defendant, on June 4, 1929, filed his answer, in form a general denial, and also filed a cross-petition seeking a divorce from the plaintiff upon the ground of extreme cruelty.

The case was heard by the trial court, without a jury, upon the petition of plaintiff, the answer and cross-petition of defendant, and the issues thus joined.

The court found from the evidence that plaintiff, Beulah Welch, was entitled to a divorce from the defendant, A. J. Welch, and so decreed.  In adjusting the property rights of the parties the court made findings as to the total net value of the defendant's property, which findings will be hereinafter fully set out, and awarded the plaintiff approximately one-half of the same as alimony award, together with attorney fees and costs.

Plaintiff, the prevailing party in the lower court, in due time filed a motion for new trial, which motion was overruled, and from the order overruling said motion, plaintiff prosecutes this appeal.

Plaintiff sets out numerous assignments of error, but the controlling questions presented to this court for consideration and determination are embodied in the following propositions, namely:

(1) The purported decree of divorce granted is not valid.

(2) The court abused its discretion in the division of property.

1. Plaintiff first contends that the decree of divorce granted is void, in that the petition filed by plaintiff sought a divorce from defendant, among other things, on the ground of "extreme cruelty"; that the journal entry of judgment as drawn and filed by the court in this case recites that "the plaintiff, Beulah H. Welch, is entitled to a divorce from the defendant, A. J. Welch, on the ground of 'cruel treatment'"; that the words "extreme cruelty" and "cruel treatment" are not synonymous, and that the decree is therefore void.

Such contention we think is wholly without merit.

The trial court in its order overruling plaintiff's motion for new trial said:

"That plaintiff's request to modify and correct the judgment and decree heretofore rendered herein on July 3, 1929, to show that plaintiff saved exceptions be, and the

same is, hereby allowed, and said judgment is hereby corrected to show that exceptions were taken by the plaintiff to all of said judgment in so far as it applies to the division of the property between the parties, **but not to the decree of divorce which was rendered in plaintiff's favor, upon her petition and evidence and at her request upon the grounds of extreme cruelty, being the second ground of her petition, to which decree of divorce the plaintiff did not and could not save exceptions.**" (Emphasis ours.)

This order clearly recites that plaintiff, in the lower court, did not save exceptions to the decree of divorce rendered at her instance, in her favor, upon her petition, and upon the grounds of "extreme cruelty," as specified in the second ground set out in her petition.

As a matter of law, plaintiff cannot now predicate error upon that which has been granted at her request, and to which she has saved no exceptions.

In Shirk v. McGinnis, 116 Okla. 93, 243 Pac. 214, the court said:

"To permit a suitor, upon whose motion and for whose benefit a judgment has been rendered, to reverse his position on appeal and repudiate the benefits of the judgment so rendered in his favor, would enable litigants to play fast and loose with the courts, as the varying whims and fortunes of such litigants should dictate."

The order of the trial court overruling plaintiff's motion for new trial clearly recognizes that the decree was rendered in plaintiff's favor, upon the statutory ground of "extreme cruelty." The contention urged herein by plaintiff that the decree is void because it recites that the divorce was granted plaintiff upon the ground of "cruel treatment" is a fallacious contention based on a mere play of words.

The appeal from the decree of divorce granted plaintiff at her request, upon the second ground of her petition, and plaintiff's attempt on appeal to repudiate the decree rendered in her favor and at her instance, and having saved no exceptions in the lower court to the decree of divorcement as prayed for, constitutes frivolity and such practice is not sanctioned by this court.

We hold the decree of divorce rendered herein to be a valid and binding decree.

2. The second contention of plaintiff is that the trial court abused its discretion in the division of defendant's property.

The trial court's decree, in so far as the findings and orders fixing the property rights of the parties are concerned, provides:

"The court further finds that the total net reasonable cash value of defendant's real and personal property is $45,000. And that the defendant is entitled to pay plaintiff as alimony the sum of $22,500, the same to be paid to plaintiff at the first of each month in advance beginning with July, 1929, and the first of each month thereafter, said payments to be in the sum of $150 each month, and said payments to bear interest at the rate of 6 per cent. after maturity or the date upon which said payment is due, until said full amount of $22,500 has been paid. And the court further finds that this amount of $22,500 shall be a lien on lots 17 and 18, block 38, Clinton, Okla., to secure the payment of said amount, and that all of the other property of the said A. J. Welch shall be free from the lien of said judgment. The court further finds that the plaintiff is entitled to the household and kitchen furniture now located in the family residence on Ninth street in Clinton, Okla., and that the plaintiff is entitled to use and occupy the family residence until January 1, 1930. The court further finds that the plaintiff shall vacate the family residence by January 1, 1930, or as soon thereafter as the defendant buys or builds for her a residence to cost not less than $4,000 located in the city of Clinton, Okla., in a location suitable to plaintiff. If defendant is unable to furnish plaintiff such residence, then defendant pay to plaintiff the sum of $4,000 in cash, in lieu thereof, and upon such payment, the defendant may re-enter and occupy his Ninth street residence in Clinton, Okla., and the plaintiff shall terminate her possession thereof. * * *"

It is a well-settled principle of law in this state that on appeal from the allowance of permanent alimony, where all the facts necessary to enable it to do so are contained in the record, the Supreme Court may set aside the decree appealed from and enter such decree as the trial court should have entered. Derritt v. Derritt, 66 Okla. 124, 168 Pac. 455.

And it is equally well settled in this jurisdiction that:

"On appeal from a judgment of the district court in a divorce proceeding, the Supreme Court on review will cause such a judgment to be rendered as may seem just and equitable, having due regard to the property rights of each of the parties." Cornelius v. Cornelius, 82 Okla. 195, 199 Pac. 1115.

We have examined the evidence herein, and hold that the finding of the trial court as to the total amount and the value of defendant's real and personal property are

amply supported thereby, and these findings, therefore, will not be disturbed on appeal. Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884.

The trial court, however, in its decree, among other things, held:

"* * * That the defendant is entitled to pay plaintiff as alimony the sum of $22,500, the same to be paid to plaintiff at the first of each month in advance beginning with July, 1929, and the first of each month thereafter, said payments to be in the sum of $150 per month, and said payments to bear interest at the rate of 6 per cent. from maturity, or the date upon which said payment is due, until said full amount of $22,-500 has been paid. And the court further finds that this amount of $22,500 shall be a lien on lots 17 and 18, block 38, Clinton, Okla., to secure the payment of said amount. * * *"

Under the state of the record herein, we think the trial court erred in decreeing that the alimony award of $22,500 be paid in the manner therein set forth.

As the decree now stands, the monthly alimony payments of $150 will run for approximately twelve and one-half years; the unpaid balance bears no interest.

The record discloses that the monthly alimony payments are in fact less than the monthly income earned by defendant's property. The effect, then, of the trial court's decree (that the gross alimony awarded be paid in monthly installments of $150) is that the plaintiff will not even receive the equivalent of a life interest in one-half of the defendant's total property, for the reason that these payments of $150 per month will cease after twelve and one-half years.

Also, the record contains unimpeached medical testimony disclosing that the present physical condition of plaintiff is such that she is unable to perform work requiring physical exertion, and that in order to restore her health it is necessary that she have complete rest and then undergo a major operation. It appears to us that the alimony, awarded as it is in monthly installments, is hardly sufficient to secure to defendant the medical aid which the testimony shows she requires and at the same time permit her to save any substantial sum to provide for her livelihood twelve and one-half years hence, when the monthly payments cease.

The gross alimony award in the sum of $22,500 is, by the decree of the trial court, made a lien on lots 17 and 18, block 38, Clinton, Okla., and the improvements thereon, commonly known as the "A. J. Welch Building." Four witnesses called at the trial by plaintiff, after having qualified as experts on property values in Clinton, fixed the value of the A. J. Welch Building (lots 17 and 18, block 38) at from $26,000 to $28,000. (C.-M. 224, 257, 278, 470.) Four witnesses called by defendant, after having been qualified as experts on property values in Clinton, fixed the value of said property at from $18,000 to $20,000. (C.-M. 423, 434, 440, 320.) From such testimony we conclude that the reasonable market value of said property is substantially the equivalent of one-half of the value of defendant's total property.

In view of the circumstances as disclosed by the record, and as outlined above, this court is of the opinion that the equities will be best served by requiring defendant to convey to plaintiff, free and clear of all incumbrances, if any, lots 17 and 18, block 38, Clinton, Okla., together with the improvements thereon.

It is, therefore, the judgment of this court that, in lieu of the $22,500 alimony payable in monthly installments of $150 as required by the trial court's decree, the defendant convey to plaintiff, free and clear of all incumbrance, lots 17 and 18, block 38, Clinton, Okla., together with the improvements thereon.

In all other respects, the decree of the trial court is affirmed.

We have examined the many other errors alleged to have been committed by the trial court, none of which constitute reversible error, and any further consideration of the same by this court is unwarranted.

The testimony adduced at the trial of this cause is of such nature that to abstract or review the same herein would be without benefit to either the litigants or the bar of this state.

The judgment of the trial court, as modified herein, is affirmed.

MASON, C. J., and HUNT, HEFNER, and SWINDALL, JJ., concur. ANDREWS, J., disqualified. RILEY, J., not participating. LESTER, V. C. J., and CLARK, J., absent.