Claude Edward HOWARD, Plaintiff in Error,

v.

Martha Marie HOWARD and W. C. Adams, Defendants in Error.

No. 38051.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Rehearing Denied Nov. 5, 1958.

Application for Leave to File Second Petition for Rehearing Denied Nov. 25, 1958.

Sid White, Oklahoma City, for plaintiff in error.

Francis G. Morgan, Oklahoma City, Edward H. Ferrish, Midwest City, for defendants in error.

HALLEY, Justice.

■ June 10, 1955, the plaintiff, Martha Marie Howard, sued her husband, Claude Edward Howard for divorce in the District Court of Oklahoma County on the ground of incompatibility. She prayed for the custody of their two minor children, costs, attorney fees, temporary and permanent child support alimony and an equitable division of property. We shall refer to the parties as plaintiff and defendant as they appeared in the trial court.

Defendant filed an answer admitting his marriage to plaintiff and the fact that they had two children, 7 and 10 years of of age, but denied the other allegations of the petition.

August 11, 1955, plaintiff was granted a divorce, the custody of the children and defendant was ordered to pay $40 each week for child support. She was also awarded their home, furniture and fixtures and a 1950 Ford car. A debt due the parties was awarded to each in the sum of $1,500. Defendant was ordered to pay $50 as additional attorneys' fee for plaintiff in addition to the $100 previously allowed.

Defendant filed a motion for a new trial, and motion to modify the order in regard to child support, which the court granted by order of December 20, 1955. This required the defendant to pay $50 each two weeks, and also required full payment of the amount for child support in which he was in arrears. No appeal was taken from said order of December 20, 1955, and said order became final except as to the court's continuing jurisdiction to modify as to custody and child support.

■ June 7, 1957, defendant filed a motion to make W. C. Adams a party defendant and to modify the decree of divorce as to child support, alleging that on May 31, 1957, the plaintiff married W. C. Adams, who took the two minor children into his home as members of his family, thus assuming all duties and obligations of a natural parent and became bound to support them. Defendant prayed that he be relieved of child support payments, or that such payments should be greatly reduced.

The court made W. C. Adams a party defendant at once and required him to answer the motion of defendant to modify the child support order.

June 12, 1957, plaintiff filed an application that she be allowed temporary attorneys' fees because defendant had reopened the case by filing a motion to modify the divorce decree by reducing the amount of child support. The court ordered defendant to pay plaintiff's attorneys $150 within five days thereafter. This was modified on June 28, 1957, and the court ordered defendant to pay $100 attorneys' fees and court costs within twenty days.

August 2, 1957, plaintiff requested the court to issue a citation for contempt of court for defendant's failure to comply with the court's orders as to payment of attorneys' fees. The citation was issued.

Defendant filed a demurrer to plaintiff's application for citation for contempt which was overruled and from which order he gave notice of appeal.

W. C. Adams filed a demurrer to the application of defendant to have him made a party defendant. The demurrer was sustained and he was released as a party defendant. Defendant excepted and gave notice of appeal from that order. No point was made of the court's refusal to modify the decree as to child support.

The appeal was perfected on both questions. The defendant complains: 1. That the court erred in sustaining the demurrer of W. C. Adams to the motion to make him a party defendant. 2. That the court erred in overruling his demurrer to plaintiff's application seeking to have him cited for contempt for failing to carry out the orders of the court.

As to defendant's first proposition which is that the court erred in sustaining the demurrer of the stepfather to the defendant's motion to make him a party to the divorce action, the defendant's theory on

this question is not clear. He offers no authority to show that the stepfather and second husband was a proper party to the original divorce action. He cites 10 O.S. 1951 Section 15, which is:

"A husband is not bound to maintain his wife's children by a former husband; but if he receives them into his family and supports them, it is presumed that he does so as a parent, and where such is the case, they are not liable to him for their support, nor he to them for their services."

This section of the statutes merely protects stepchildren from a stepfather claiming moneys for their support and prevents stepchildren from claiming pay for services performed while living with a step-parent during minority. The cases cited, Englehardt v. Yung's Heirs, 76 Ala. 534, and Barker v. Barker, 25 Okl. 48, 105 P. 347, 26 L.R.A.,N.S., 909, are not in point on the question involved here. Neither holds that a stepfather can be required to support the children of his wife by a former marriage in the original divorce suit between the wife and the children's father.

 The defendant's second complaint is that the trial court erred in overruling his demurrer to plaintiff's application for citation for contempt as to him because of his failure to obey the orders of the court as to attorneys' fee. His contention is that the attorneys' fee allowed plaintiff's attorneys on the motion to make an additional party defendant and to modify the decree of divorce was really the debt of the second husband. This argument is without merit because the plaintiff was interested in seeing that the defendant did not have the original judgment modified and that the defendant not be relieved of his duty to support his own children. She needed the services of a lawyer made necessary by the defendant when he filed his motion to modify. This may, or could have nullified or reduced the amount that the defendant was required to pay for the support of his children.

Section 1277, 12 O.S. 1951, makes it the duty of the court to make provision for the support and education of minor children of the marriage. We held in Tinker v. Tinker, 144 Okl. 94, 290 P. 187, that the wife may have an attorney fee when the divorced husband makes an effort to have the decree modified as to custody, support and education of a minor child. This opinion has been followed in Strauch v. Strauch, 196 Okl. 184, 164 P.2d 220, in a case involving the custody of a child and in Lawrence v. Lawrence, 207 Okl. 240, 249 P.2d 731, where an additional sum for permanent alimony was sought.

We consider the trial court's decisions in this case to be correct.

Judgment affirmed.

CORN, V. C. J., and DAVISON, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS and BLACKBIRD, JJ., concur in result.