**Mary Jeannette DODSON, now Mary Jeannette Elkins, Plaintiff in Error,**

v.

**George V. DODSON, Defendant in Error.**

**No. 42838.**

Supreme Court of Oklahoma.

Sept. 9, 1969.

Rehearing Denied Oct. 14, 1969.

John B. Doolin, Newcombe, Redman & Doolin, Lawton, for plaintiff in error.

Brock & Hensley, by Bill Hensley, Lawton, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the lower court and will be referred to by their lower court designation of "plaintiff" and "defendant." Plaintiff appeals from an order of the lower court modifying the child support portion of the parties' divorce decree to require defendant to pay $100 per month child support for each of the parties' two sons instead of $150 per month per child.

On April 27, 1966, a decree of divorce was awarded to both parties, wherein plaintiff was awarded custody of their two sons, ages 16 and 12 years, and directing defendant to pay $150 per month child support for each of them. The decree made a division of property and awarded plaintiff $12,000, as a property settlement, in lieu of alimony, payable $200 per month. The defendant satisifed the $12,000 award by paying plaintiff a lump sum of $6000, about October, 1966, in full settlement thereof. On March 17, 1967, defendant filed an application to reduce the child support. Plaintiff responded with an application to increase the child support to $200 per month per child. After a hearing thereon, the court, on June 23, 1967, modified the decree to provide for $100 per month per child. Plaintiff has appealed from this judgment.

Plaintiff contends that the lower court erred in admitting testimony as to the earnings of her second husband (stepfather to her children) and in considering such earnings when reducing the child support.

The plaintiff and defendant were the only witnesses. The plaintiff, on cross examination and over her objection, testified about her husband's employment and also that he paid income tax on earnings of about $5000 per year. Plaintiff cites 10 O.S.1961, § 15, and Howard v. Howard, Okl., 331 P.2d 946, for the propositions that a stepfather is not bound to maintain his stepchildren, and that the father is not entitled to have a child support order cancelled or the amount reduced because the divorced mother has married a second husband who admitted the minors to his home.

The record reflects that at the close of the hearing the court asked for authorities on the question of the admissibility and effect of evidence regarding the earnings and financial status of the plaintiff's second husband. The court assured plaintiff's counsel that, if such testimony was to be considered, then plaintiff would be given an opportunity to fully explore the business activities and income of defendant's second wife from the operation of several beauty parlors. The court made no later finding on this question, but there was no later

hearing concerning the above subject, and we therefore conclude that the court did not consider that evidence in deciding to reduce the child support.

Plaintiff further contends that the holding of the trial court is not sustained by the evidence.

The record reflects that on the date of the modification hearing the parties' two sons were 17 and 13 years of age; that plaintiff's second husband had a son by a previous marriage; and that plaintiff's sons reside in the home of plaintiff and her second husband. Plaintiff, after the divorce, secured employment and had a take-home pay of $216 per month. Plaintiff introduced in evidence an itemized statement of what she claimed was the cost of maintaining the two boys, which amounted to more than $200 per month per child. Defendant married a woman with two children by a former marriage and he has legally adopted the two children. His family consists of the above persons and his wife's mother. It is our understanding of defendant's testimony that his second wife owns and operates a beauty college and two beauty shops, but that expenses and payments on indebtedness due thereon consume all profits, and that she contributes very little, if anything, to the maintenance of the family and that defendant pays all of this expense. Defendant is a federal employee with a yearly salary of $16,500, of which it was stipulated $11,800 is take-home pay. Defendant claims the parties' two sons as deductions in his income tax return. Defendant introduced what he said was a statement of his monthly expenditures for a nine months period to show an average monthly expense of $518 in excess of his salary. He testified he had borrowed about $11,000 because of this situation, but that $6000 of this was used to settle the $12,000 awarded to plaintiff in the divorce decree. He testified that he could maintain his two sons in his household for $50 per month per child.

The question is whether the defendant's evidence was sufficient to show that conditions relevant to the matter had changed sufficiently since the divorce decree to warrant the reduction in the child support.

The plaintiff had remarried and secured employment. Defendant had married a woman with two children. The parties had testified or introduced evidence of their estimates of the needs and costs of maintaining the two children. The trial court, upon consideration of all the testimony concluded that under the later circumstances of the plaintiff and defendant the sum of $100 per month per child was sufficient.

Plaintiff relies upon Howard v. Howard, supra, that plaintiff's remarriage furnishes no grounds for reduction of the child support. As heretofore shown, the trial court did not base the reduction on this phase of the case.

Plaintiff also refers us to Annotation in 89 A.L.R.2d 106, 110, where it is stated that the fact that the divorced father remarried, thereby increasing his expenses by the need to support a new family, is not *in itself* a sufficient ground for reduction of child support payments. We note at page 109 of the Annotation it is stated that a father's remarriage is, however, a factor that may be considered in determining whether under all the circumstances child support payments should be reduced.

In Smith v. Smith, Okl., 396 P.2d 1016, we held as follows:

"Modifications of the child support provisions of a previous divorce are among the matters that come within the discretion of the trial court. They are governed by considerations of justice and equity, and unless the judgment of the court is clearly against the weight of the evidence, or erroneous in a respect that causes an injustice and reflects an abuse of discretion, it will not be disturbed on appeal."

We have carefully examined the record and are unable to conclude that the trial court's judgment was clearly against

the weight of the evidence or reflects an abuse of discretion.

Affirmed.

All the Justices concur.