In the Matter of the A,DOPTION of Edward Lance GREGORY.

No. 43941.

Supreme Court of Oklahoma.

April 4, 1972.

Pat Brogan, Oklahoma City, for plaintiff in error.

Foliart, Shepherd, Mills & Niemeyer by John C. Niemeyer, Oklahoma City, for defendants in error.

McINERNEY, Justice.

On this appeal, we must determine whether Edward Lance Gregory is eligible for adoption without the consent of Ronald Winston Gregory, his natural father (respondent). The petition for adoption was filed by Carol Jean Kaylor, mother of Edward Lance Gregory, and her present husband, George Allen Kaylor (petitioners). Petitioners alleged that respondent had wilfully failed, refused and neglected for more than one year to make the monthly child support payments required by the decree granting Carol Jean Gregory, now Kaylor, a divorce from respondent. Answering, respondent alleged that he attempted to make the payments, but that petitioners refused to accept them. After a hearing, the trial court determined that Edward Lance Gregory is eligible for adoption without the consent of respondent.

At the hearing, respondent admitted that he had not made the monthly payments required by the divorce decree. However, he testified that he offered to make the payments the first month after the divorce decree was entered, but that both petitioners, who were then married, stated they did not need nor want the money. Corroborating respondent's testimony, his mother testified that he had offered five or six times to pay child support and that each time petitioners had refused to accept his offer. Further, respondent's sister testified that she had been present on at least four or five occasions when petitioners refused to take child support payments from respondent. Petitioners neither denied nor admitted these offers and refusals.

Under 10 O.S.1971, § 60.7, "where a parent has wilfully failed, refused or neglect-

ed to contribute to the support of his child, as provided in the decree of divorce, . . . . . for a period of one (1) year next preceding the filing of a petition for adoption of such child, it shall not be necessary to procure the consent of such parent to the adoption of said child." Respondent admits that he failed to make the child support payments required by the divorce decree. Thus, we need determine only whether respondent's failure to make the payments, under the record presented in this case, amounts to "wilfully failed, refused or neglected" within the meaning of § 60.7, supra. The evidence supports a finding that the respondent failed or neglected to contribute to the support of his child as provided in the decree of divorce; the evidence does not support a conclusion that respondent "wilfully failed, refused or neglected" to do so. We reverse.

Uncontradicted evidence established that respondent made several attempts to furnish petitioners support payments for his son. On each occasion, petitioners refused respondent's offer. This positive evidence by respondent, which is uncontradicted and unimpeached, cannot be disregarded. Spillers v. Colby, Okl., 391 P.2d 895 (1964). Eventually, respondent ceased offering to make the payments; money orders purchased and mailed to petitioners after this action was filed were returned. After leading respondent to believe that petitioners neither needed, desired or would accept the child support payments, petitioners now seek to take advantage of the non-payment to adopt respondent's son without his consent.

Petitioners cite Wade v. Mantooth, Okl., 417 P.2d 313 (1966), and In Re Adoption of Greer, Okl., 463 P.2d 677 (1970), to support the order of the trial judge. In *Mantooth*, the natural father had failed to make child support payments for some thirty months prior to the filing of the adoption petition and had disregarded a letter from the natural mother mailed to him several months before the adoption proceedings were commenced *demanding payment of the back child support payments*. In *Greer*, the natural mother reduced the unpaid child support payments from December 1965 to May 1966 to a civil judgment. The natural father thereafter continued for sixteen months *without excuse* to refuse to comply with the provisions of the divorce decree relating to the child support. The cited cases are obviously distinguishable on their facts.

Petitioners contend that the integrity of the judgment granting a divorce and providing for child support payments may not be altered by agreement of the parties, citing Howard v. Howard, Okl., 331 P.2d 946 (1958) and Baker v. Bursch, Okl., 374 P.2d 31 (1962). *Howard* holds that the remarriage of the former wife will not relieve the father of the children from complying with the provisions of the divorce decree relating to child support. *Baker* holds that an order for child support cannot be modified to take effect retroactively. We fail to find a helpful application of the principles of law announced in those cases to a construction of 10 O.S.1971, § 60.7. The integrity of the divorce decree is not involved in this appeal. Petitioners do not seek to enforce the provisions of the decree; petitioners attempt to assert noncompliance with the decree as a vehicle to adopt respondent's child without his consent.

Although we do not approve of respondent's failure to provide support for his son, we do not believe that the Legislature intended to enact a provision which would allow petitioners to induce respondent to forgo making child support payments and then utilize his failure to make the payments to deprive him of his son. Under these circumstances, as we construe § 60.7, supra, respondent has not "wilfully failed, refused or neglected" to contribute to the support of his son. Consequently, Edward Lance Gregory is not eligible for adoption by petitioners without the consent of his father.

Reversed.

All the Justices concur.