**Buddy L. LeCRONE, Appellee,**

v.

**Mary Elizabeth LeCRONE, Appellant.**

**No. 51549.**

Supreme Court of Oklahoma.

June 26, 1979.

Robert B. Smith and David B. Oshel, Bloodworth, Smith & Biscone, Oklahoma City, for appellee.

P. M. Williams, Oklahoma City, for appellant.

SIMMS, Justice:

Divorced custodial mother appeals the denial of her motion to increase court-ordered child support payments for a minor daughter. The trial court denied the motion to modify for the reason that appellant was gainfully employed, could bear the additional expenses of support of her daughter, and, therefore, 10 O.S.Supp.1975, § 4, was dispositive of the issue.

■ Title 10, O.S.Supp.1975, § 4, provides:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the parent having custody is able to give are inadequate, the other parent must assist to the extent of his or her ability."

The quoted statute has no application in child support proceedings arising out of divorce, annulment, or separate maintenance actions, but rather, this statute is the pronouncement of the legal duty of parents to support and educate their children arising out of the parent-child relationship and upon the interest of the state as *parens patriae* of children so as to prevent the child from becoming a public charge. This statute makes no reference to divorce, annulment or legal separation.

■ The authority of the Court to impose the obligation of supporting minor children, either at the time of or after judgment, in a divorce, separate maintenance or annulment action is found at 12 O.S.Supp.1974, § 1277:

"A petition or cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change the order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

■ The statute vests the trial judge with sound judicial discretion in child support matters arising from domestic relations litigation and in such cases controls over the provisions of 10 O.S.Supp.1975, § 4, supra.

■ Examination of the trial transcript indicates orthodontic care is needed for the daughter and the treatment will be an additional expense of some consequence. Evidence of the need for additional child support monies for other purposes is uncontroverted. The trial court did not permit inquiry of the father about his present earnings or ability to bear the additional expenses of supporting the daughter. Evidence of earnings and earning capacity of both mother and father is germane to the issue of child support under the rationale of *Bowring v. Bowring,* 196 Okl. 520, 166 P.2d 415 (1946), *and West v. West,* Okl., 268 P.2d 250 (1954). Here, full inquiry was made into the income of appellant mother who works as a data processing keypunch operator at a salary of approximately $10,000 per annum,[1] but the record is devoid of any evidence as to the amount of income the father receives from his medical practice. We are unable to say from this record that appellant should bear the total increased economic responsibility in caring for the daughter as did the trial court when it denied the motion to modify. We find the verdict of the trial court is not supported by the clear weight of the evidence.

We therefore reverse the judgment of the trial court and remand for new trial.

LAVENDER, C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE, and OPALA, JJ., concur.

IRWIN, V. C. J., and HODGES, J., concur in result.

---

1. Wife's gross annual income, including alimony payments and child support of $150 per month, is approximately $17,000.