Brendlin J. BROWN, Appellee,

v.

Larry E. BROWN, Appellant.

No. 50763.

Supreme Court of Oklahoma.

March 11, 1980.

Vance F. Van Kolken, Oklahoma City, for appellant.

Jack S. Dawson, Oklahoma City, for appellee.

WILLIAMS, Justice.

Appellee is the mother of an asthmatic child, Shalla M. Brown. She had had custody of the child, then about 6 years of age, approximately 16 months following a divorce from the child's father in September, 1975. In January, 1977, appellee filed a motion to increase child support payments to be made by the father from $100.00 to $275.00 per month. The trial court heard the motion, and ordered the child support payments increased to $200.00 per month. It further ordered the father to pay $725.00 attorney fee (despite the mother's attorney, on account of the parties' circumstances, having in open court agreed to accept $350.00) and at another hearing a month later added another $100.00 to the fee to be paid. The father, defendant in the trial court, appealed.

The Court of Appeals, Division II, in deciding that appeal, quoted 10 O.S. 1975 (now 1979) Supp. § 4 as amended,[1] held it was applicable in this case, stated the mother had not attempted "to show that she is unable to furnish adequate support for" Shalla and further said "the issue was not reached regarding how much, if any, support assistance is needed from the father." That Division found as claimed by appellant, that there was not sufficient evidence to show Shalla's condition had worsened and reversed the judgment of the trial court.

After the filing of that decision of the Court of Appeals, this Court in its opinion in LeCrone v. LeCrone, Okl., 596 P.2d 1262, 1264 (which could not have been anticipated by either of parties or the Court of Appeals), referring to 10 O.S. 1975 (now 1979) Supp. § 4, said that such statute did not apply in child support proceedings arising

out of divorce, annulment, or separate maintenance actions but pronounced the legal duty growing out of the relationship between them of parents to support and educate their children, and from the interest of the State to see the child does not become a public charge. It was further stated in that opinion that the trial court's authority to make provision for the support of minor children of the parties to a divorce, separate maintenance or annulment action arises from 12 O.S.Supp.1974 (now 1979) § 1277.

■ We determine the rule of LeCrone is applicable here and that 10 O.S.1975 (now 1979) Supp. § 4 does not apply to the facts of this case.

■ Ordinarily, in a case concerning amount of award of child support, being a case of equitable cognizance, this Court accords considerable importance to the finding of the trial court because it saw the witnesses and observed their demeanor, see Kirtley v. Kirtley, 301 P.2d 671, 675 (Okl. 1956). However, as we said in White v. White, 281 P.2d 745, 748 (Okl.1955), on appeal, "in a divorce case . . ., this Court will weigh the evidence and if the judgment rendered is just and equitable, [this Court] will affirm the judgment; if not just and equitable, this Court will render or cause to be rendered a proper judgment." Pope v. Pope, 116 Okl. 188, 243 P. 962 (1926); Cornelius v. Cornelius, 82 Okl. 195, 199 P. 1115 (1921).

Appellant argues that his evidence showed that his monthly income would be decreased within 2 or 3 months of date of the hearing in the trial court, because he would no longer receive Veterans' benefits. He contends the increase of child support payments to $200.00 per month was excessive in that it would reduce his take home pay to $417.00 per month after paying child support and debt payments.

1. 10 O.S.1975 (now 1979) Supp. § 4; Support and education.—The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the parent having custody is able to give are inadequate, the other parent must assist to the extent of his or her ability.

Appellee contends that her evidence showed that she had had to change Shalla from the day nursery where she formerly had had her cared for, to another one which would take the child to school and, after school, return her to the nursery and keep her until the mother's return for her on her way home from work, and which therefore charged more for the service. She says the father's annual income had increased from $6,000.00 or $7,000.00 at the time of their divorce to $15,079.24; and that the mother's income had decreased from some $6,650.00 per year to some $5,400.00 because of a change of employment.

 After weighing the evidence, this Court concludes the increase in monthly child support payments should be and it is modified, that is to say, reduced to $150.00 per month effective as of the date of the entry of the trial court's judgment (February 10, 1977), plus medical award. The order of the trial court fixing attorney fees likewise is modified to require appellant, husband to pay appellee a total attorney fee of $450.00. Each party shall bear and pay his or her own attorney fee for representation at appellate stage of this case.

The decision of the Court of Appeals is vacated, and the judgment of the trial court, as herein modified, is affirmed. Judgment on the supersedeas bonds is awarded appellee.

Judgment modified and affirmed as modified.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., concurs in part and dissents in part.