**William Raymond WILSON, Appellant,**

v.

**Teresa M. WILSON, Appellee.**

No. 65017.

Court of Appeals of Oklahoma,
Division No. 3.

June 9, 1987.

Guy L. Hurst, Oklahoma City, for appellant.

Rollin Nash, Jr., Babb, Nash & Christensen, Inc., Oklahoma City, for appellee.

BAILEY, Judge:

This case comes on for review of the Trial Court's denial of Appellant Husband's motion to modify divorce decree, by which Husband sought reduction of his previously agreed to and ordered $700 per month child support obligation. Appellant Bill Wilson filed suit for divorce against his wife, Appellee Teresa Wilson, in June, 1983, alleging incompatibility as grounds therefor. The divorce was granted in October, 1983, and Appellee Wife was awarded custody of the parties' three minor children. Appellee Wife was also awarded the marital homestead, which was later lost due to the failure of the parties to maintain monthly payments.

From the time of the divorce in 1983 until May, 1985, Appellant continued to make his child support payments, although the deteriorating economy made the $700 monthly payment increasingly difficult to meet. In May, 1985, and faced with threats by Appellee of citation for contempt for failure to promptly and fully fullfill his support obligation, Appellant filed his motion to modify to reduce the child support obligation to $300 per month, and alleging a change of condition in his earning capacity.

Hearing on Appellant's motion was held, and the Trial Court noted that Appellant had a potential earning capacity far in excess of his current employment as a carpet salesman, where Appellant earned only about $800 per month. The Court strongly suggested that Appellant obtain a second job, and Appellee subsequently agreed to a reduction of child support to $600 per month, which was ordered by the Trial Court. In addition, the Trial Court awarded Appellee her attorney's fee incurred in defense of the action in the amount of $1000.

During the hearing on Appellant's motion to modify, the Trial Court refused to consider evidence by Appellant's certified public accountant as to the actual costs of supporting the children, which Appellant sought to introduce in his attempt to convince the court that a reduction in support was warranted. In rejecting this evidence, the Trial Court ruled that there were no set guidelines to be applied in allowing reductions, but rather, the amount of support should be determined on the unique facts of each individual case. Appellant asserts the error of the Trial Court in denying admission of this evidence, and to further reduce the child support obligation.

Before deciding this case, this Court observes that the facts of this case are not unique, but rather represent a typical factual situation where once well paid employees suffer substantial reductions in pay due to our depressed economy. This case is but one of a growing number of similar cases coming before the courts on substantially similar facts.

Initially, it is clear under Oklahoma law that motions or applications with regard to modification of child support obligations are addressed to the sound discretion of the court. *Huchteman, v. Huchteman,* 557 P.2d 427 (Okl.1976). The judgment of the trial court will not be disturbed on appeal unless contrary to the weight of the evidence reflecting an abuse of discretion. *Huchteman, supra; Brown v. Brown,* 607 P.2d 1358 (Okl.1980). On review, the appellate courts may weigh the evidence, according great weight to the determination below; if the rulings of the court below are found against the weight of the evidence, the court on appeal may enter such judgment as should have been rendered. *Brown, supra.* With regard to child support, the court may consider the relative earning capacities of the parties or change thereof in making its determination

**1384**

of modification. *DeGraffenreid v. DeGraffenreid,* 477 P.2d 660 (Okl.1970). The court may also consider the supporting parent's change in amount of living expenses. *Dodson v. Dodson,* 461 P.2d 937 (Okl.1969).

■ Under these rules, we cannot say that the order of the Trial Court modifying Appellant Husband's child support obligation was against the clear weight of the evidence so as to constitute an abuse of discretion warranting this court's interference. While we are certainly aware of the dichotomy presented here between the needs of the growing children versus the needs and ability to pay of the supporting father, who by his own testimony, has little more than $100 per month left after making child support payments, we are not presented with any easy choice of action. To further reduce the amount of the child support will only serve to penalize the children, who are innocent of any wrong, whereas to continue the payments at the current level must surely constitute an extreme hardship on Appellant, who is relegated to live with his parents in order to reduce his living expenses. In this vein, and recognizing no clearly equitable alternative resolution, we are constrained to affirm the ruling of the Trial Court as not against the clear weight of the evidence.

■ With regard to the award of Appellee Wife's attorney fees, we again note that awards of attorney fees in cases such as this are directed to the sound discretion of the court, whose decision will not be disturbed absent a showing of abuse of discretion. *Miller v. Miller,* 383 P.2d 873 (Okl. 1963). Having reviewed the record, we find no abuse of discretion in awarding Appellee her attorney fees, and affirm the ruling of the Trial Court thereon.

In assessing this case, this Court in examination of the record observes that it was Appellant that initiated the divorce proceeding, and it was he that commenced the action for modification now before this Court on review, actions which Appellant is and was clearly entitled to bring. These actions by Appellant thus created a need for legal representation for both parties, which concurrently created an obligation to pay for such legal services with no corresponding increase in income to either party. Appellee initiated none of the legal proceedings which have brought the parties to the present situation. At the time of the divorce, Appellee was told and agreed that she would receive $700 per month for the support of her children, and this support has been reduced by $100 per month. Appellant now asks this Court for further relief from his parental and legal responsibilities. This we will not do.

AFFIRMED.

HUNTER, J., concurs.

HANSEN, P.J., dissents.