BIGGS v. BIGGS.

No. 32664. Sept. 23, 1947.

Rehearing Denied Oct. 21, 1947.

*185 P. 2d 447.*

Howard K. Berry, of Oklahoma City, for plaintiff in error.

Sam S. Gill, of Oklahoma City, for defendant in error.

GIBSON, J. Defendant in error, Maree Coline Biggs, as plaintiff, recovered against Arthur Dale Biggs, as defendant, a judgment awarding plaintiff divorce and title to certain property, and this appeal was taken therefrom. Since the appeal was effected defendant departed this life, and by leave of court Onah Bettes, administratrix of decedent's estate, has been substituted as plaintiff in error. For reversal of the judgment there is urged only that the decree of the court awarding the plaintiff the entire interest in the home and

household fixtures, which was acquired by their joint efforts during the coverture, is unauthorized in law and amounts to a confiscation of defendant's right to share therein. Reliance is placed on the recent case of Hill v. Hill, 197 Okla. 697, 174 P. 2d 232, as supporting the contention.

The plaintiff and defendant were married February 4, 1942. Through their joint efforts there was acquired a house and lot of the approximate value at time of trial of $9,000, but subject to mortgage in principal sum of $5,000, and furniture and fixtures therein of the approximate value of $1,000. And it is the award to plaintiff of the entire estate therein that is the basis of the alleged error.

On January 26, 1945, defendant instituted a divorce action against the plaintiff but shortly thereafter there was a reconciliation and the cause dismissed before hearing was had. On August 22, 1945, defendant again instituted suit for divorce on the ground of cruelty. Plaintiff herein, as defendant there, filed waiver. Therein the court awarded Maree Coline Biggs, defendant in error herein, a divorce, and upon stipulation of the parties the court awarded to her for alimony the entire equity of defendant in and to said home and the personal property therein. The decree was entered on September 4, 1945. On September 18th, following, upon joint motion of the parties, the divorce decree was vacated and the cause dismissed with prejudice.

On October 4, 1945, the present action was instituted and therein plaintiff seeks separate maintenance and injunction by reason of the alleged cruelty and threats of defendant. Defendant by answer and cross-petition denies allegations of the petition, prays for divorce and asks an equitable division of said property.

Upon conclusion of the trial the following is the minute record of the court's holding:

"Ent. Decree granted plaintiff and property settlement confirmed as per first settlement, all as per J. E. Defendant excepts and same allowed."

The record submitted does not reflect a petition of plaintiff for divorce. Inasmuch as the questions on appeal are directed solely to the judgment of the court concerning the property and do not question the authority of the court to grant the divorce or question the correctness thereof, we shall assume that plaintiff's petition for separate maintenance was amended so as to invoke the jurisdiction of the court to award the divorce.

The journal entry, after describing the properties, declares: ". . . same hereby are decreed and adjudged to belong to the plaintiff free and clear of any right, title, claim or interest of the defendant, and that the costs hereof be taxed to the defendant." The "first settlement" referred to in the minute has reference to the decree in September wherein the interest of defendant in the property was by consent awarded as alimony to plaintiff. It is manifest that the property award was for alimony out of the estate of the defendant and in no sense a determination that the plaintiff was entitled independently of alimony to the entire estate therein. Such being true, the doctrine declared in Hill v. Hill, supra, concerning division of jointly acquired property has no application, but the rule therein to the effect that the estate of defendant in jointly acquired property may be awarded as alimony is applicable and controlling. Whether the award of property to plaintiff was an affirmance of the award to her of the same property contained in the prior decree of divorce, or is a new award of such property as alimony, is immaterial, for under the evidence the plaintiff was clearly entitled to such property as alimony.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY and BAYLESS, JJ., concur.