## BATTEN v. BATTEN.

No. 34148.   Oct. 23, 1951.

*236 P. 2d 982.*

Gomer Smith, Jr., and Jean P. Day, Oklahoma City, for plaintiff in error.

Tom W. Garrett, Oklahoma City, and Tom W. Garrett, Jr., (on the brief), Oklahoma City, for defendant in error.

BINGAMAN, J. This is an action by a wife for divorce, division of property and alimony. Plaintiff was awarded a divorce, but appeals from that portion of the judgment dividing the property and awarding alimony.

For reversal plaintiff contends the trial court erred in dividing the property in failing to charge the defendant with sums it is claimed he dissipated from the community property and also in that the alimony award is too small.

The parties were married in 1911, and separated in 1938. This suit was filed and tried in 1948. All the property was acquired since the marriage and most of it by the defendant since the separation. The plaintiff, with the minor children, moved to California in 1938. From that date until the filing of this suit, defendant contributed $300 per month to her for the support of herself and the children. During a part of the time a house was also furnished there and rentals were received by plaintiff from a part of this house. An automobile was furnished by defendant and other sums were occasionally furnished either plaintiff or the minor children. The children are now of full age.

Defendant's earnings prior to 1942 were not large and apparently were all used in supporting the parties. Beginning in 1942 defendant's earnings averaged about $18,500 per annum. From such earnings substantial income tax was paid and in addition to the support sent plaintiff debts in a large amount were paid by defendant. Also, the house in California, now valued at $25,000 was bought and paid for and large sums paid for insurance.

The trial court, in dividing the property, awarded the California duplex, valued at $25,000, and all contents, to plaintiff. The defendant was awarded two insurance policies, automobiles, equity in Oklahoma City residence and the business equipment. An alimony award in the amount of $5,800 was also made to plaintiff.

The property divided was community property. However, 32 O. S. Supp. 1947 §75 provides:

"In the event of the dissolution of marriage by decree of any court of competent jurisdiction, the husband and wife shall each be vested with an undivided one-half interest in the community property as tenants in common, but nothing herein shall prevent the court from having the same powers with respect to said property as to other property of either the husband or wife."

The trial court's division of property appears to be fair and equitable. The alimony awarded is reasonable.

This court has many times held that a judgment awarding alimony and division of property will not be disturbed on appeal, unless it is clearly against the weight of the evidence. Biggs v. Biggs, 199 Okla. 326, 185 P. 2d 447;

Smyth v. Smyth, 198 Okla. 478, 179 P. 2d 920.

The judgment not being against the clear weight of the evidence, it is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, and O'NEAL, JJ., concur.