BILLINGS v. BILLINGS.

No. 34617. Jan. 8, 1952.

Rehearing Denied Jan. 27, 1953.

Application for Leave to File Second Petition for Rehearing Denied April 28, 1953.

*256 P. 2d 165.*

Hardy & Hardy, Summers Hardy, and Milton W. Hardy, Tulsa, and Wayne Bayless, Oklahoma City, for plaintiff in error.

Pierce, Rucker, Mock, Tabor & Duncan, Truman B. Rucker, and Irvine E. Ungerman, Tulsa, for defendant in error.

PER CURIAM. This appeal is from the district court of Tulsa county and the parties appear and will be referred to herein as in the trial court. The action was one for divorce and for such other order concerning custody of chil-

dren, alimony, support and maintenance as might be proper. For her answer defendant denied that plaintiff was entitled to a divorce, and alleged that plaintiff had become infatuated with a young girl and thereafter commenced a course of abuse and mistreatment toward defendant. In her cross-petition she prayed for separate maintenance for herself and four minor children. At the conclusion of the trial the court announced that plaintiff was not entitled to a divorce, but that the case would be taken under advisement in the hope of reconciliation; that if it developed that reconciliation were impossible, it would be set for further disposition. Subsequently, upon appropriate pleadings the court granted a decree of divorce to defendant, together with custody of the children, child support, alimony and a division of property. Plaintiff appealed from the judgment, but has now dismissed the appeal insofar as it grants the divorce, and presents the appeal solely upon the proposition that the award for alimony and child support is excessive. Defendant has filed a motion to dismiss the appeal for the reason that it is without merit and maintained merely for the purpose of delay. We are of the opinion that the motion should be denied and the appeal determined on its merits.

Plaintiff argues, first, that the final order for alimony and child support is excessive, and was made without due regard to the value of the real and personal estate at the time of the divorce; and, second, that the court apparently refused to consider the faults of the wife in awarding alimony. As to the latter contention, we think it is sufficient to say that the court found defendant to be without fault, and further found that the sole cause of the breaking up of this family was plaintiff's infatuation for a young girl who had been employed as a baby sitter in this home. The evidence amply supports this finding.

In order to determine the contention that the award for alimony and child support is excessive, it will be necessary to review the evidence. It appears that the parties had been married 21 years; that at the time of their marriage plaintiff was 20 and defendant 18 years of age; that plaintiff was unemployed and that they started life together without property. At the time of the divorce decree they had four minor children ranging in age from five to sixteen years. One of the children had been injured by a truck and had, since that time, required special and unusual attention and care. The parties had acquired a home estimated by plaintiff to be worth from $12,000 to $16,000 with an indebtedness of $3,800 against it, household and kitchen furniture of the estimated value of $2,000 to $4,000 with an indebtedness of $275 against it, a 1946 Chevrolet car, an airplane of the estimated value of $500, an air conditioner of the estimated value of $300, cash in the amount of $1,500, and bonds of the value of $450. Plaintiff was gainfully employed and testified that in 1945 his gross earnings were $8,000 or $9,000, in 1946, $10,000, in 1947, $10,000 or $10,500, and in 1948, $17,000. His net earnings in 1948, he testified, were $11,000 to $12,000. No testimony was offered as to the 1949 earnings; however, there is shown in the record an exhibit disclosing that for the first 7½ months of that year plaintiff's gross earnings were $5,386.69, or an average monthly income of $718.22 before payment of taxes or $538.67 after payment of taxes. By the terms of the judgment defendant was awarded the home and furniture, subject to the indebtedness thereon, the automobile, and alimony of $260 per month for ten years. She was also awarded the care and custody of the four minor children and $60 per month per child for their support during their respective minorities. Plaintiff was awarded the airplane and the air conditioner. No mention was made in the judgment of the $1,500 cash and the $450 worth of bonds in possession of the plaintiff. It is apparent, therefore, that substantially all of the tangible property was awarded defendant.

When a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound judicial discretion of the trial court, and is to be exercised with reference to establishd principles and on a view of all the circumstances, such as the husband's estate and ability at the time the divorce is granted, the wife's condition and means, and the conduct of the parties. McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103. Plaintiff recognizes that 12 O. S. 1941 §1278 authorizes the court to award alimony out of the husband's real and personal property as the court shall think reasonable, and that the statute has been construed to authorize the award of permanent alimony upon consideration of the future prospects as to the earning capacity of the husband. This seems to be a fair statement of the law. Mathews v. Mathews, 186 Okla. 245, 96 P. 2d 1054; Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556. In the practical administration of the law, it appears that alimony awarded has exceeded the net value of the husband's estate. Moseley v. Moseley, 171 Okla. 150, 42 P. 2d 237; Hughes v. Hughes, supra.

In making a property settlement, and awarding alimony, it was proper for the court to consider that when these parties were married they had no property, and that everything they possessed at the time of the divorce, including plaintiff's earning capacity, had been acquired during their 21 years of marriage; that the parties had four minor children, one of whom because of an injury required special and unusual attention and consideration; that defendant was then 40 years of age and because of her marriage at an early age and the rearing of four children, she had developed no earning capacity; that plaintiff's earning capacity was steadily increasing as is evidenced by an increase from $8,000 in 1945 to $17,000 in 1948; the conduct of plaintiff in relationship with the young girl whom the evidence discloses he proposed to marry, as well as his responsibility to his wife of 21 years and his

four children. From the alimony award defendant must pay an indebtedness of $3,800 against the home, at the rate of $55 per month, and an indebtedness of $275 against the furniture. She would also be required to pay the taxes on the property. Viewed in the light of all these circumstances and conditions, we are not able to say that the award for alimony is excessive, or that it is against the clear weight of the evidence and, unless it is against the clear weight of the evidence, it must be affirmed. Smyth v. Smyth, 198 Okla. 478, 179 P. 2d 920; Biggs v. Biggs, 199 Okla. 326, 185 P. 2d 447.

It is earnestly contended that the award for alimony and child support leaves plaintiff nothing for his own maintenance and support, and it is also said that plaintiff had an indebtedness of $1,600 as well as a payment of $1,500 on income tax that must be paid from his earnings. The testimony relative to the indebtedness of $1,600, and $1,500 due as income tax, is very meager and, in fact, consists only of the statement of plaintiff that he owed these amounts. In view of the fact that substantial withholdings were made from plaintiff's earnings for the purpose of paying income tax, it is difficult to understand why he would owe an additional $1,500, unless he had earnings which were not subject to withholding tax. It is noted that plaintiff has estimated a tax payment of $1,346.62 on earnings of $5,386, although he has six exemptions. We do not believe such an estimate is warranted. It is also noted, from inspection of the exhibit detailing his 1949 income for the first 7½ months, he has credited himself with $350 per month while making payments to his family. The record discloses that on August 17, 1949, plaintiff, through his attorneys, suggested to the trial court that the alimony award be fixed at $150 per month for ten years, and the award for child support be $60 per month per child. Evidently he then believed his earnings were sufficient to justify such an award, but there does appear to be some merit in the conten-

412

tion that the total award for alimony and child support is in excess of plaintiff's ability to pay. However, we do not believe it is more than reasonably necessary to maintain his family. If we were satisfied from the evidence that plaintiff's earnings were consistently $17,000 or $18,000 per year, as contended by defendant, we would not hesitate to affirm the judgment as entered, but the record does not justify such conclusion. The 1948 income was $17,000 but in no other year is it shown to exceed $10,500, and we are not warranted in concluding that plaintiff's earnings are greatly in excess of $10,000 per year. We believe that, in the interest of justice, the award for alimony should be affirmed, but that the award for child support should be reduced to $40 per month per child; that after payment of these amounts plaintiff will still have sufficient from his income to appropriately maintain himself, even after payment of taxes. The matter of child support is in the continuing jurisdiction of the trial court and may be changed as circumstances warrant. Upon satisfactory proof that plaintiff's earnings are substantially in excess of what the record here discloses, the trial court would, no doubt, be justified in increasing the award for that purpose.

The judgment is affirmed as to the award for alimony, and is modified as to the award for child support to provide for payment of $40 per month per child and, as so modified, is affirmed.

This Court acknowledges the services of Attorneys Marvin Shilling, Ezra Dyer and Earl Q. Gray, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.