Pernie Elizabeth SMITH, Plaintiff in Error,

v.

Bobby James SMITH, Defendant in Error.

No. 40618.

Supreme Court of Oklahoma.

Nov. 4, 1964.

Floyd L. Martin, Jr., Oklahoma City, for plaintiff in error.

Shapard & Cannon, Oklahoma City, for defendant in error.

BLACKBIRD, Chief Justice.

The subject of this appeal came into being when, after plaintiff in error and defendant in error, hereinafter referred to as "movant" and "respondent", respectively, were divorced on June 25, 1962, the movant thereafter, on December 6, 1962, filed a motion to modify the decree by increasing the amount it directed respondent to pay her for the support of the couple's three minor children, of whom she had been granted custody. As one of these children is no longer a minor, she is not now involved.

The child support money prescribed by the original decree was $50.00 per month for the son and daughter here involved. When said decree was entered, they were 12 and 8 years of age, respectively.

At the hearing thereafter held, January 24, 1963, on the motion to modify, evidence as to the matter was introduced by both parties; and, at the close of said hearing, the court entered its order and/or judgment increasing the child support payments to $66.66 until July 1, 1963, and, after that date, to $75.00 per month, for each child. The court also therein directed respondent to pay movant's attorney a fee of $75.00 for his services in connection with the matter.

Movant has perfected the present appeal from said judgment, claiming error in its provisions for child support money and attorney's fee.

Movant's first proposition for reversal deals only with the child support increases. She says she bases her claim of their inadequacy upon the evidence of plaintiff's earnings and financial ability, the children's needs and the standard of living to which they became accustomed during their parents' marriage. Respondent unsuccessfully objected to the elicitation of testimony on the latter subject, and, at the close of movant's evidence, he demurred to it on the ground, in substance, that movant had not

discharged her burden of showing that conditions relevant to the matter had changed sufficiently since the divorce decree was entered, to warrant the increases.

According to the evidence, there had been no change in respondent's salary since the divorce. His "take-home" pay was still $767.96 per month, out of which, in addition to child support, he paid movant alimony at the rate of $125.00 per month, as prescribed in the divorce decree. His marital situation had changed, however, in that, after his divorce from movant became final, he had married his present wife. She has a daughter, and two sons living with her and the respondent. Their respective ages at the time of the hearing on the subject motion were 15, 14, and 12 years. The present wife is employed as a secretary at a salary "in the neighborhood of $350.00."

While movant recognizes that, according to her own testimony, she expended $67.00 on one of these children and $70.80 on the other during December, 1962—the month immediately preceding the hearing on her motion—she says that these expenditures were "required for existence only * * *", and she points to another portion of her testimony in which she expressed the opinion that she could buy certain things she mentioned that "* * I miss having for them * * * on $150.00 a month apiece." She further testified that "to do" for the children what "we did for them before the divorce * * * would take around $200.00 a month * * *".

■ Movant's counsel seems to be of the opinion that because the respondent did not produce evidence to show that it did not cost more than the amounts to which the child support payments were increased, or did not refute her testimony that to provide for the children in a manner comparable to their standard of living during the marriage would cost $150.00 or $200.00, the trial court erred in his judgment; and that the only conceivable explanation of this error is that he must have given undue consideration to the fact that respondent now has a second family to help provide for. She cites expressions from the opinions of courts of other states to the effect that the needs of such a parent's children by a former marriage should not go unsatisfied because of financial obligations assumed, or undertaken, through a later marriage.

We do not agree. It does not require extraordinary perception to see that it is usually cheaper for a man and woman to live together in one household than to live separately in two; and they should not expect the same salary to provide them, or their children, with all of the luxuries in the latter situation, that they may have enjoyed in the former. Furthermore, in view of movants' failure to show that the children could not be provided with an adequate supply of the items mentioned in connection with her one-hundred-fifty dollar estimate, without the expenditure of that large a sum each month, or that the amounts prescribed in the judgment appealed from will not meet the children's needs, the trial court cannot be justly criticized for making his judgment conform more nearly to the amounts movant testified had actually been expended on them the month previous to the hearing.

We have carefully examined the record, and are unable to conclude that the trial court's judgment was clearly against the weight of the evidence, or reflects an abuse of discretion merely because it appears to have used one part of movant's testimony as a better criterion, or measure, for the child support increases, than other parts. Without so concluding, we cannot, under the rule in such matters, disturb the figures fixed by this judgment. See Wendel v. Wendel, Okl., 331 P.2d 370.

■ Under her second proposition, movant contends that the $75.00 allowed her for her attorney's fee was less than was commensurate with the amount of work and skill required on the part of said attorney, and with the ability of the respondent to pay. Respondent, on the other hand, contends that this fee was ample,

under the circumstances. He points out that by agreement, the amount of the fee was fixed without the introduction of evidence as to the legal work the matter entailed, or any proof as to what a reasonable attorney's fee for it would be. He also says, in substance, without contradiction in his adversary's briefs, or the casemade, that all that was required on the part of movant's attorney was the writing and filing of a "simple motion to modify" and the interrogation of two witnesses in a comparatively brief hearing in the trial judge's chambers. On the basis of this showing, we do not think the legal work involved here should be evaluated the same as that in the usual "contested case" referred to in movant's brief, and we find no error, or abuse of discretion, in the trial court's failure to allow movant's attorney a larger fee than $75.00.

In a motion filed in this appeal subsequent to the filing of her Reply Brief, movant asks this court to enter an order for the payment by the Respondent of an additional fee to her attorney for the services he has rendered in connection with this appeal, beginning with the drafting of the motion for a new trial he filed, on her behalf, in the trial court. In his response to said motion, respondent objects to such an order principally on the claimed ground that her appeal is frivolous. We do not think the facts bear out the latter claim, and we do think movant's attorneys are entitled to a modest appellate fee. It is therefore the order of this court that, in addition to the allowance of $75.00 for movant's attorneys' services up to and including the filing of the Journal Entry Of Judgment in the trial court, the Respondent, or defendant in error herein, Bobby James Smith, pay another $75.00 to the attorney of the movant, or plaintiff in error herein, Pernie Elizabeth Smith, as his fee for prosecuting this appeal; and that payment of this fee be required in the same manner as payment of the seventy-five-dollar fee fixed by the trial court.

It is the further order of this court, that the order and/or judgment appealed from be, and is hereby affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.