**Charlene WALSH, Plaintiff in Error,**

v.

**Martin J. WALSH, Defendant in Error.**

**No. 42902.**

Supreme Court of Oklahoma.

Sept. 23, 1969.

Deaton & Gassaway, Ada, for plaintiff in error.

Leslie B. Younger, Ada, for defendant in error.

BERRY, Vice Chief Justice.

Plaintiff in error was plaintiff in an action for divorce, alimony, child support and maintenance brought against defendant in error. The decree, entered December 17, 1965, granted divorce, divided a small amount of personal property, and gave plaintiff custody of five minor children ranging from 5–14 years of age. The trial court further ordered defendant to pay $450.00 monthly child support and maintenance.

November 22, 1967, defendant filed Motion to Modify the original decree upon grounds the child support ordered originally was in excess of defendant's ability to pay. This motion also sought modification by way of detailing defendant's rights for visitation of the children. When this motion was heard (December 1967) the evidence disclosed matters hereafter recited.

Subsequent to divorce both parties remarried. Plaintiff's second husband died shortly after their marriage, leaving a substantial estate. Plaintiff elected to renounce the will and participate in the estate under the law of succession. As a forced heir plaintiff would inherit one-third of more than $300,000.00 gross estate. When this motion was heard plaintiff had accepted part-time employment as a dietary consultant, which paid over $100.00 month-

ly. Plaintiff's objections to evidence relative to enhanced financial status were overruled.

Defendant had remarried and established a home in New Mexico, where his second wife was employed in the teaching profession. Two children of her prior marriage were maintained in that home. Defendant, a commissioned officer in the Public Health Service, had attained one raise in rank and one pay raise since the divorce. Raise in rank had entitled defendant to increased allowance for quarters and subsistence. Defendant's take-home pay amounted to $792.35 monthly, less deduction for insurance and state income taxes. Because the minor children were not claimed as dependents for income tax purposes, defendant's income had increased only nominally ($35.00) monthly despite the raises mentioned.

The trial court sustained defendant's motion by reducing the original order for child support to $325.00 per month. Further modifications ordered respecting defendant's custody of his children one month during each summer, and further reduction of child support to be paid during such period, are not involved in this appeal.

In ordering modification, the trial court observed no alternative had existed when the original decree was entered other than to place a burden on defendant, since the family had no income except defendant's salary. However, despite authorities urged by plaintiff, the court was of the opinion consideration should be given to change in financial condition of the parties, regardless of cause. The court stated: "* * * Now, marriage is an entirely different situation from a death and resulting inheritance in the wife. And this Court is—make no mistake about it, for purposes of appeal, or anything else—taking into consideration her change in financial condition, in awarding him some relief in this respect. * * *"

Two propositions are presented as grounds for reversal of this order and judgment. The first contention asserts consideration of irrelevant and prejudicial evidence, upon which the judgment is based. The second urges this judgment is contrary to law and weight of the evidence. The contentions and supporting arguments are so interrelated separate consideration is unnecessary. From either premise, the dispositive issue concerns propriety of the trial court's consideration of plaintiff's enhanced financial condition as a factor in ordering modification of the prior order for child support.

Summarized, plaintiff urges, under both statute and decisional law, the primary duty of support for minor children rests upon the father. And, the fact custody of minor children has been changed because of divorce or separation does not change the rule. Admittedly these rules are settled so firmly as not to require supporting authority. Plaintiff then points out former decisions applying our statute, 12 O.S. 1961 § 1277, providing for care and custody of minors necessarily involved in divorce cases, consistently have required showing change in condition of the parties as basis for modification. Although amended after original enactment (Chap. 22A, section 1, p. 142, S.L. 1955), the requirement " * * * there must be shown a *change in condition of the parties* such as to render such modification proper." (Emphasis supplied), always has been an integral part of the statute.

Plaintiff insists there was no showing of inability by defendant, since the evidence showed defendant had been discharging the child support obligation. And, admittedly defendant was better off financially than when the support order was entered. Because defendant neither showed change in condition, nor that monthly payments exceeded his ability to pay, plaintiff concludes the judgment was contrary to the evidence. Additionally, defendant cites authority from other courts holding the primary duty of support rests upon the father, and a mother's enhanced financial condition should not be considered in determining amount of the father's contribution. See Fruen v. Fruen, 228 Minn. 391, 37 N.

W.2d 417; Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933; Dworkis v. Dworkis (Fla.) 111 So.2d 70, 72 A.L.R.2d 1189.

Without discussion of these decisions, we are of the opinion the present appeal requires consideration of factors not discussed in those cases. The trial court's power to alter or modify child support orders is unquestioned. A petition respecting care and custody of minor children always is addressed to the court's sound discretion.

■ In determining the amount of child support the status, character, and situation of the parties, and all attendant circumstances must be taken into consideration. The proper amount payable for child support then is to be fixed within the best judgment and sound discretion of the court. In Parkey v. Parkey, Okl., 371 P.2d 711, 715, we recognized language in Sango v. Sango, 121 Okl. 283, 249 P. 925, defining the duty of support and limitation upon a trial court's authority in considering the original allowance. There we held " * * * where a change of condition is asserted and shown, the court must 'look to the then condition, and fix and determine not what their past rights were, but what they shall be' and accordingly alter rights and duties."

■ Ordinarily remarriage of the father, which increases his expenses, standing alone is not ground for reduction of child support. However, remarriage is a factor which may be considered in determining whether grounds exist for modification. We recognized this principle in Smith v. Smith, Okl., 396 P.2d 1016. Marriage is a civil contract based upon public policy and encouraged in interest of morality. If a divorced husband remarries he owes a duty to his present wife as well as his children by the prior marriage. Neither obligation can be disregarded, but neither should be unreasonably curtailed.

In the present case defendant admittedly had become better off financially. However, his situation fortuitously resulted from remarriage to a wife whose income was sufficient to provide family support, and not from enhancement of his own financial situation. This appeal involves facts extremely similar to the situation disclosed in Smith, supra, including defendant's income and marital situation, and bettered financial condition resulting from the second wife's employment. In the Smith case we expressly approved an order which fixed child support in an amount substantially less than sought by the wife's application. There was no issue involved relative to the wife's enhanced financial position.

Practically every variable involved in modification of decrees for child support may be observed in the annotations in 89 A.L.R.2d 11. Section 36, p. 93, annotates cases from numerous courts which have recognized that either a father's financial inability, *or the mother's wealth alone* could provide grounds for modification of a support decree, the entire question resting within absolute discretion of the trial court.

In Gilbert v. Gilbert, 98 Cal.App.2d 444, 220 P.2d 573, that court stated evidence as to amount of the mother's income from any source was admissible as bearing upon the amount necessary for the father to contribute. In Grunder v. Grunder, 186 Kan. 766, 352 P.2d 1067, evidence showing enhancement of the wife's finances from sale of a home properly was considered in denying the wife's application for increased child support.

There is, of course, considerable authority to the contrary, observable in the same annotation p. 95. It is on this basis plaintiff argues, even should evidence on plaintiff's enhanced financial condition be considered, modification of child support would be improper here because: (1) defendant testified he was better off financially, and only change in plaintiff's financial condition was shown; (2) increasing needs of the children require additional allowance, despite plaintiff's improved financial condition. This argument, based upon the exceptions just stated, is destroyed by the reasoning in Smith, supra. There we stated parties when living separately can-

not expect the same salary to provide them, or their children, with all luxuries enjoyed when living together in one household.

In Smith, supra, after recognizing remarriage may be a factor in determining whether grounds exist for modification, we held:

"Modifications of the child support provisions of a previous divorce are among the matters that come within the ·discretion of the trial court. They are governed by considerations of justice and equity, and unless the judgment of that court is clearly against the weight of the evidence, or erroneous in a respect that causes an injustice and reflects an abuse of discretion, it will not be disturbed on appeal."

We are of the opinion the trial court properly considered the family and financial situation of both parties. The order entered was within the trial court's sound discretion in disposition of the matter.

Judgment affirmed.

All Justices concur.