**Virginia DeGRAFFENREID, Plaintiff in Error,**

v.

**Bobby Ross DeGRAFFENREID, Defendant in Error.**

**No. 42988.**

Supreme Court of Oklahoma.

Dec. 8, 1970.

Jack B. Sellers, Sapulpa, for plaintiff in error.

HODGES, Justice.

Plaintiff in error appeals from an order of the trial court that denied her request for increase child support payments. She complains the action of the trial court is clearly against the weight of the evidence.

Parties were divorced in 1958 with custody of their three children awarded to plaintiff wife, with a provision for child support payments to be made by defendant. These payments have been modified numerous times until 1965 at which time the support payments were set at $15.00 a week. This amount was in effect at the time plaintiff filed the present motion to modify the payments because of a change of condition.

The hearing upon plaintiff's motion also included a motion to reduce the arrearage of support payments to a judgment, and for setting attorneys fees and costs, all of which the trial court considered but only the question of the court's refusal to increase the support payments is before this court on appeal.

Plaintiff maintains that this court would reverse the trial court for the reason that the judgment is clearly against the weight

of the evidence, and under the evidence the trial court had no choice but to increase the child support payments.

Plaintiff's evidence shows that considering all necessary expenses it takes approximately $77.00 a month to support each of her three teen aged boys. It was stipulated that defendant had earned approximately $6,000.00 annually between 1964 and August 1967. At the time of the hearing however, defendant was earning only between $250.00 and $300.00 per month. He had been in his present job for approximately 6 months from September of 1967. Both parties have remarried.

Defendant's evidence shows that of the $250.00 to $300.00 per month he earns, $230.00 per month is expended for, gasoline and car expense, laundry, and other child support payments in addition to the approximately $60.00 per month for child support involved in the present case. Of this amount, $160.00 a month is spent on food for himself, his present wife and her two children. His wife is employed and pays the house, utility and other household bills from her salary.

Neither the evidence of the plaintiff nor of the defendant was contradicted. Plaintiff emphasizes the part of the evidence which shows the monthly expenses of her children to be $77.00 each, together with her argument that defendant is capable of earning $500.00 per month. She also claims the $160.00 a month defendant spends for food, that $120.00 is spent for feeding his present wife and two children. She points out that if you deduct this $120.00 a month defendant would have $116.00 on his current monthly salary and $366.00 on his monthly earning capacity with which to pay more child support.

Based on the above evidence she concludes the present support in the amount of $15.00 per week is clearly inadequate. The criteria for increasing child support is not solely limited to the inadequacy of current payments. We said in the case of Parkey v. Parkey, Okl., 371 P.2d 711, "A finding that an award is inadequate does not necessarily require an increase in the award. In too many instances such an award is inadequate but the inadequacy results from the financial circumstances of the father—the fact that in view of his financial circumstances he should not be required to pay more than ordered to pay." Plaintiff in effect recognizes this rule by her argument that defendant could pay more if he earned up to his capacity or if he did not pay $120.00 a month on food for his present wife and her two children living in his household. She asserts also that defendant has no responsibility to pay for food for his wife and her two children. This point is immaterial, as we have seen defendant's present wife is employed and from her income makes the monthly household payments. This is a necessary expense defendant would be required to bear himself had he not remarried.

Plaintiff cites no authority for her assertion that defendant is chargeable with his earning capacity and not his actual income.

In the case of Smith v. Smith, Okl., 396 P.2d 1016, we stated that justice and equity are governing considerations in cases involving modification of child support payments. We are aware of no principle of justice or equity that would require us to charge defendant with a monthly income other than what he is earning under the evidence herein presented. Because a man has a capacity to earn a higher wage than he is earning does not necessarily mean he will be held accountable in a court of equity for his capability.

The uncontradicted evidence is that defendant earns between $250.00 and $300.00 monthly; that he expends $290.00 a month for necessaries, including child support; and that he is making $2400.00 less annually presently than at the time the order requiring him to pay $15.00 per week was entered. The judgment appealed from also requires him to pay $250.00 attorneys fee and $715.00 back child support. These facts coupled with the fact that plaintiff herself earns as much as defendant, which evidence may be considered in determining

child support on a motion to modify, amply support the judgment of the trial court. Walsh v. Walsh, Okl., 460 P.2d 122.

Having reviewed all the evidence and finding that the judgment is not against the clear weight of the evidence, the judgment is accordingly affirmed.

Plaintiff's attorney's request for additional attorney's fees and costs is denied.

Judgment affirmed.

All Justices concur.