**Carolyn D. WADE, Plaintiff,**

v.

**Richard Gene WADE, Defendant.**

**No. 50511.**

Supreme Court of Oklahoma.

Oct. 11, 1977.

Dewbre, Shores & Hilbert by Gary Shores, Oklahoma City, for appellee.

McKinney, Stringer & Webster by George D. Davis and Tim L. Hoffman, Oklahoma City, for appellant.

DOOLIN, Justice:

Appellant, Carolyn Wade, obtained a divorce from appellee, Richard Wade in June of 1976. The decree gave Carolyn custody of the couple's three children. Richard was ordered to pay $200.00 per month child support and support alimony of $300.00 per month for eighteen months. This order has become final.

Carolyn initiated the present proceeding by filing an application for a contempt citation claiming Richard had failed to make the required child support and alimony payments. After hearing testimony, trial court denied the application but gave Carolyn a judgment for $985.00 arrearage and provided for its payment in installments of $9.85 per month including interest. On its own motion the court modified the divorce decree by reducing the child support to $1.00 per month per child until December 1, 1977, when it would increase to $70.00 per month per child.

Carolyn appeals to this court claiming trial court abused its discretion by reducing the child support to a "de minimus" rate in that there was no showing of a substantial change in conditions to warrant such a reduction. Carolyn further submits permitting Richard to pay the judgment in installments is tantamount to an impermissible retroactive modification of the decree.

In her brief, Carolyn argues the order is not supported by the evidence, although no transcript was designated for our consideration. Therefore, we will deem the order correctly states the testimony. We will decide as a question of law, first, whether the reduction of child support to $1.00 per child is permissible and second, whether court may order a judgment to be paid in installments.

■ It is well established that a district court has continuing jurisdiction to modify its divorce decrees as to provisions for child support and may on its own motion[1] change the provisions as circumstances warrant.[2] Modification is discretionary with the trial court and justice and equity are the governing considerations.[3] But the trial court must provide for the support of minor children[4] and it is an abuse of discretion to do otherwise.

■ The duty to support one's minor children is a continuing obligation. A court is not authorized nor has it the power to go back and determine that the allowance in the original judgment was unjust or inequitable in view of the circumstances at the time the original decree was entered.[5] A change of circumstances must be shown and the adjustment must be reasonable.

■ An award of $1.00 per month for the support of a child is the equivalent of no support at all. A trial court may not obviate its duty by such a simplistic resolution. The trial court did not find a change of condition existed so as to warrant modification. We, therefore, reverse the reduction of child support payments and remand to trial court to determine if a material change of conditions has been shown, and if it is so shown, to set support at a reasonable amount.

■ The order giving a judgment for $985.00 for delinquent support and providing for its payment in installments is likewise error. Generally there can be no judgment payable by installments[6] with certain notable exceptions such as child support and alimony payments in a divorce decree.[7] A judgment for support arrearages does not fall under that exception. Delinquent support payments must be computed and judgment entered for that amount.[8] Providing the manner in which the judgment is to be collected amounts to an impermissible retroactive modification of the decree.[9] See *Hicks v. Hicks*, 417 P.2d 830 (Okl.1966) and *Catlett v. Catlett*, 412 P.2d 942 (Okl.1966). In addition such an order limits Carolyn's right to pursue statutory provisional remedies to collect her judgment.[10] These remedies are inherent in the judgment itself.[11]

That portion of the order providing that the judgment be paid in installments is hereby reversed. This is not to say a court may not provide for alimony or child support arrearage in installments in order to allow a debtor spouse to purge a finding of contempt for wilful failure to pay. But this is not the issue here involved. See *Jarvis v. Jarvis, supra* n. 11; 17 C.J.S. Contempt § 106 et seq.

■ Modification of a divorce decree is a case of equitable cognizance and after weighing the evidence this court may enter such judgment as the trial court should have rendered.[12] But because we have no evidence before us to weigh, we will not direct the trial court to enter a specific

1. *Sango v. Sango*, 121 Okl. 283, 249 P. 925 (1926).

2. *Billings v. Billings*, 208 Okl. 409, 256 P.2d 165 (1953); *West v. West*, 268 P.2d 250 (Okl.1954); *State ex rel. Cox v. Lohah* 434 P.2d 928 (Okl. 1967).

3. *Smith v. Smith*, 396 P.2d 1016 (Okl.1964).

4. *Parkey v. Parkey*, 371 P.2d 711 (Okl.1962); *Jones v. Jones*, 402 P.2d 272 (Okl.1965); See 12 O.S.1976 Supp. § 1277; 10 O.S.1976 Supp. § 4.

5. *Sango v. Sango*, supra n. 1.

6. *United States v. Bauman*, 56 F.Supp. 109, 117 (D.Or.1943); *Frankel v. United States*, 321 F.Supp. 1331, 1340 (E.D.Pa.1970) affmd. *Frankel v. Heym*, 466 F.2d 1226 (3rd Cir. 1972).

7. *Gilcrease v. Gilcrease*, 186 Okl. 451, 98 P.2d 906 (1939).

8. *Baker v. Bursch*, 374 P.2d 31 (Okl.1962).

9. See *Scarlett v. Scarlett*, 151 Cal.App.2d 237, 311 P.2d 188 (1957); *Wilkinson v. Wilkinson*, 147 Kan. 485, 77 P.2d 946 (1938).

10. *Doak v. Doak*, 187 Okl. 507, 104 P.2d 563 (1940).

11. *Starkey v. Starkey*, 40 Wn.2d 307, 242 P.2d 1048 (1952). In accord see *Jarvis v. Jarvis*, 27 Ariz.App. 266, 553 P.2d 1251 (1976); *Igney v. Igney*, 303 Ill.App. 563, 25 N.E.2d 608 (1940).

12. *Craig v. Collins*, 285 P.2d 859 (Okl.1955).

judgment but rather remand with directions to enter judgment not inconsistent with views herein expressed.

REVERSED AND REMANDED WITH DIRECTIONS.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BARNES and SIMMS, JJ., concur.

BERRY, J., concurs in result.