**Gloria W. ABLER, Appellee,**

v.

**Gerald P. ABLER, Appellant.**

**No. 51048.**

Court of Appeals of Oklahoma,
Division 2.

Oct. 10, 1978.

Released for Publication by Order of
Court of Appeals Nov. 9, 1978.

Mike Mancillas, Oklahoma City, for appellee.

Edward H. Ferrish, Midwest City, for appellant.

BRIGHTMIRE, Judge.

On October 31, 1973, after an uncontested divorce hearing, the trial court entered a decree dissolving the parties' longtime marriage, granting the mother custody of the parties' two children—one 14 years old and the other 15—ordering the father to pay $250 a month child support ($125 for each child) and $24,000 "as alimony for support . . . to cease upon death or remarriage" at the rate of $200 a month, and approving the parties' property division agreement. Through the years appellant father made the required payments. Then suddenly on January 20, 1977 appellant suf-

fered a heart attack and he was forced to retire from his employment with the Federal Aviation Administration. Because of changed conditions he moved the court to modify the decreed child support and alimony payments. The court modified the amount of support payment on one child but held he had no jurisdiction to modify either the support payable for the other child or the alimony. The father appeals assailing both conclusions.

I

When the divorce was granted in 1973 appellant had an annual income of $26,900. Following his heart attack his net income was reduced to a $740 a month disability pension. Under these circumstances the trial judge evidently realized that there had indeed been a substantial change in conditions necessitating a change in the monthly payments appellant was making. He concluded, however, that he could modify the amount of the support payments being made for the younger child but not the amount payable for the older one or the former wife.

Regardless of how unfortunate, oppressive and inequitable the decree may be under the circumstances of this case, the trial court correctly concluded he was without judicial power to modify its alimony provisions. They became final and, as it were, set in concrete on October 31, 1973, the date the decree was entered. *Grimshaw v. Grimshaw*, Okl.App., 581 P.2d 1329 (1978).

II

The child support orders, however, presented a different situation. The court is statutorily given continuing post-divorce jurisdiction to modify provisions for the custody and support of minor children. 12 O.S.1971 § 1277. Just why the trial judge decided he did not have jurisdiction to modify the amount ordered for the support of the older child is not disclosed.[1] We can

---

1. Inferentially the reason may be that the boy was a ward of the juvenile authorities. If so the trial court is mistaken. The court has not lost jurisdiction over subject matter granted by

statute. *See Carder v. Court of Criminal Appeals of the State of Oklahoma*, No. 51,477 (Okl. Oct. 3, 1978).

find in the record no valid reason for the conclusion and the woman offers no explanation for it either. All she argues is that the question of child support has become "moot" pending this appeal because both children have reached their majority.

■ Ordinarily this might be true. But in situations where the trial court refuses to pass upon an issue or grant requisite relief and there exists at the time of review a means of rectifying the injustice, the court will not withhold relief on the ground the issue has become academic.

■ In the instant case the father all at once found himself totally disabled after being struck down by a heart attack. His income dropped nearly 70 percent overnight—from a $26,900 annual salary to an $8,800 a year disability pension. There is no statutory nor decisional law so insensitive or insouciant as to require the man to suffer both physical misfortune as well as consequential financial oppression, if a legal means of ameliorating the latter exists.

Under the facts here the disabled father's retirement income was not adequate to sustain a minimum standard of living and also pay $200 monthly alimony and an additional $250 for child support. Since the court was without authority to modify the alimony judgment, the circumstances required, in our opinion, modification of the child support order to the extent of eliminating it entirely. Why? Because first of all the man will have only $540 left each month after paying his former wife $200. Secondly, the woman says she is a trained cosmetologist, able to work, and a short time before trial was employed as a telephone solicitor and a convenience store clerk. Also at trial time she was able to pay $129.94 each month on a "1972 Cadillac that," she said, "I traded a Chrysler New Yorker for." She recalled she had made 19 such payments and had 19 more to go.

Another relevant fact is that the daughter has been working evenings and weekends at a TG&Y store earning around $40 a week some of which she says she has given her mother and some of which she has been saving for college.

It is obvious at the time the father developed heart trouble each member of the family was going to have to make some sacrificial adjustments similar to those they would have had to make had the parties still been married. The fact that they are divorced does not alter the situation except to increase the degree of sacrifice each member of the former family unit will have to make.

In order to equitably adjust the situation we hold appellant is entitled to a return of child support payments he has made to appellee since the date of the modification hearing, April 1, 1977. The repayment can best be made by granting appellant a credit for such amount against the unpaid balance of the alimony he is required to pay. Amortization of the credit shall be at the rate of $50 per month beginning with the December 1978 alimony payment until the full amount of overpaid child support has been credited.

Affirmed in part and modified in part.

BACON, J., concurs.

NEPTUNE, P. J., dissenting:

I dissent. The record supports the trial court's order reducing the child support obligation by only $50 a month, and not disturbing the alimony award.

The mother's annual income was shown to be $1,141 plus $2,400 alimony. Under the trial court's order, the mother would also receive $75 a month child support until October 20, 1978 when the daughter, the younger of the children, attains her majority. The support for the older child terminated September 1, 1977. It was being paid to the agency that had custody of him, and so the mother did not receive that to help support the family. I conclude that under the trial court's order the hardship on the father, whose income is $9,300 annually, is less than the existing hardship on the mother.

Appellant father's evidence that he and his present wife have two cars requiring operating expense of $60 a month is extravagant in the circumstance that he says obtains—that neither of them is able to work because his health is so bad that she needs to be at home to care for him. Also, appellant's expense of $47 a month for insurance for his present wife should not take precedence over meeting his obligation to support his children, but his testimony contends for such priorities.

On the basis of the whole record, I would affirm the order as being properly within the best judgment and sound discretion of the trial court, considering the status and situation of the parties. *Walsh v. Walsh,* Okl., 460 P.2d 122 (1969).