Nancy GRAHAM, Appellant,

v.

William E. GRAHAM, Appellee.

No. 68741.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 9, 1988.

James S. Steph, Okmulgee, for appellant.

Mary Bailey Romine, Okmulgee, for appellee.

## MEMORANDUM OPINION

HUNTER, Presiding Judge.

After 26 years of marriage the parties were each granted a divorce on the grounds of incompatability. The trial court divided the marital assets, awarded custody of two minor children to the appellant wife, and disallowed child support. Wife appeals the property division and the denial of child support. We affirm the division of property and reverse the denial of child support.

The marital property consisted largely of the equity in the home and the husband's retirement together with furniture, two automobiles, other personal property and some debts. The court ordered division of the marital property awards the appellant approximately $25,000. and the appellee approximately $27,000. The appellee was also ordered to make the $609. monthly house payments for six months and to pay about $3,700. in debts. We do not find this division of marital assets to be against the clear weight of the evidence or an abuse of discretion by the trial court. *Johnson v. Johnson*, 674 P.2d 539 (Okla. 1983).

At the time of the divorce the appellant was earning about $500. to $550. per month. The appellee's gross monthly income was $3,672. There were two minor children placed in appellant's custody. The youngest, a 12 year old, was adopted by the parties and was receiving $411. per month social security from the benefits of her deceased natural mother. The trial court considered this in determining that the appellee need not contribute to the support of his adopted daughter. The effect of the trial court's order was to require the 12 year old to support herself. This was error.

Title 12 O.S.1981 § 1277 places a statutory duty upon the trial court to provide

for support of minor children of parties to a divorce action. Failure to do so is an abuse of discretion. See *Wade v. Wade,* 570 P.2d 337 (Okla.1977) and *Warren v. Hunter,* 632 P.2d 418 (Okla.1981).

For the reasons above stated the judgment of the trial court is AFFIRMED as to the property division and REVERSED as to denial of child support and REMANDED with directions to enter an appropriate order for support of the minor children effective as of the date of the divorce decree.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.

HANSEN, J., concurs.

MacGUIGAN, J., not participating.