STATE of Oklahoma, ex rel., DEPART-
MENT OF HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT
UNIT, Appellant,

v.

Mary Jane HUNT, now Fisher, Appellee.

No. 78252.

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 15, 1992.

Pamela K. Padley, Oklahoma City, for appellant.

M. Joe Crosthwait, Jr., Midwest City, for appellee.

OPINION

HANSEN, Vice–Chief Judge:

Appellee, Mary Jane Hunt, now Fisher, petitioned the District Court of Oklahoma

to review an order of an administrative law judge of the Department of Human Services (DHS). That order found Appellee owed DHS $9,708.00 for monies expended for the benefit of her minor child. DHS had paid these monies to her ex-husband, the custodial parent, as Aid to Families with Dependent Children (AFDC).

Appellee and her husband were divorced in 1982. The decree provided:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that CARL IRA HUNT be the sole supporter of said minor child with the exception of the summer months during which said child resides with non-custodial parent.

This decree has not been modified and there is no dispute that Appellee supported the child while in her actual custody.

Carl Ira Hunt (Father) applied for and was approved to receive public assistance through AFDC for the child from November 1985 through September of 1986; from December 1987 through December 1989; and, from January 1991 through May 1991. In February of 1991 DHS sent Appellee a Notice of Support Debt. Upon hearing, DHS ordered Appellee to pay the $9,708.00 although DHS had not asked for a modification of the divorce decree pursuant to its statutory authority.[1]

█ Clearly DHS could not impose an amount of child support upon Appellee beyond that imposed by the divorce decree without first obtaining a modification of the decree as authorized by law. Any other action would be a retroactive modification prohibited by law. *Wade v. Wade,* 570 P.2d 337 (Okla.1977).

This is precisely what the trial court found. Its journal entry of judgment, attached hereto, reversed the order of DHS. The conclusions of law of the trial court in its Judgment adequately explain its decision. Accordingly, the judgment of the trial court reversing the DHS order requiring Appellee to reimburse DHS in the amount of $9,708.00 is AFFIRMED under Rule 1.202(d), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15 App. 2.

█ DHS also appeals the trial court's subsequent order awarding attorney fees and costs to Appellee. As a general rule the trial court may award attorney fees only when authorized to do so by statute. *Garner v. City of Tulsa,* 651 P.2d 1325 (Okla.1982). Under 12 O.S.1991 § 941 attorney fees and costs may be imposed on DHS only if the court determines that the proceeding was brought without reasonable basis or is frivolous. The trial court made no such finding in this case. We find nothing in the record to suggest DHS pursued this matter without a reasonable basis. Accordingly, we REVERSE the award of costs and attorney fees imposed by the trial court against DHS.

AFFIRMED IN PART, REVERSED IN PART.

BAILEY, P.J., and HUNTER, J., concur.

## APPENDIX

## EXHIBIT C

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

Case No. FD–82–6541

DHS No. TC–008466M

[Filed Oct. 4, 1991]

State of Oklahoma, ex rel., Department of Human Services, Child Support Enforcement Unit, o/b/o Carl Ira Hunt, Plaintiff,

vs.

Mary Jane Hunt, now Fisher, Defendant.

## JOURNAL ENTRY OF JUDGMENT

NOW on this 5th day of August, 1991, Defendant's Petition for Review of the Department of Human Services Journal Entry

---

1. 56 O.S.1991 § 238 provides in part:
Provided further, that where there has been a court order, the debt shall be limited to the amount provided for by said order. The Department shall have the right to petition the appropriate court for modification of a court order on the same grounds as a party to said cause.

of Administrative Hearing filed herein on the 7th day of June, 1991, comes on for hearing before me, the undersigned Judge of the District Court, and judgment is entered on the 12th day of August, 1991.

The Department of Human Services, Child Support Enforcement Unit is represented by Carol Carter; and Defendant, Mary J. Fisher appears in person and by counsel, M. Joe Crosthwait, Jr.

The Court after hearing statements of counsel, having examined the files and records herein finds as follows:

1. That the Decree of Divorce was entered in the subject action on October 19, 1982.

2. The aforesaid Decree has not been vacated, rescinded or modified by a Court of proper jurisdiction.

3. The Decree provides as follows:

"It is Further Ordered, Adjudged and Decreed that Carl Ira Hunt be the sole supporter of said child with the exception of the summer months during which said minor child resides with non-custodial parent."

4. Title 56 O.S. § 238 provides:

Any payment of public assistance money by the Department of Human Services—creates a debt—Provided further, that where there has been a court order, the debt shall be limited to the amounts provided for by said order.

5. Title 56 O.S. § 238.1 provides:

"For the purposes of establishing the amount of the debt provided for by the provisions of Section 238 of this Title or to establish an obligation for support in the absence of a court order of support, the Department may issue a notice of a support debt accrued or accruing—"

6. The Decree of Divorce, as aforesaid, contains an order of support. It requires the father, Carl Ira Hunt, to provide all support with the exception of the summer months, when the child was to reside with the mother.

7. The Decree of Divorce further provided: "—if if for any reason custodial parent finds he cannot properly support said minor child, said minor child shall reside with non-custodial parent until situation is resolved, subject to approval by the Court."

8. The Court finds the order of the Administrative Law Judge attempts to retroactively modify the support order entered in the Decree of Divorce and to modify the Decree of Divorce support order as to future child support.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Journal Entry of Administrative Hearing and Order for Child Support dated May 20, 1991, filed in DHS No. TC 008466M be, and the same is hereby reversed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the issue of attorney fees and costs is reserved.

THORNTON WRIGHT JR.
JUDGE OF THE DISTRICT COURT